J-S56002-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DANIEL L. NUGENT AND BRYANN M. NUGENT, HUSBAND AND WIFE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| SUSQUEHANNA BANK, SUCCESSOR BY ACQUISITION TO COMMUNITY BANKS | |
| Appellee | |
| v. | No. 734 MDA 2014 |
| ROBERT R. NUGENT AND MARY E. NUGENT, HUSBAND AND WIFE | |

Appeal from the Order April 7, 2014
In the Court of Common Pleas of York County
Civil Division at No(s): 2011-SU-3429-49

BEFORE:  PANELLA, J., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED OCTOBER 07, 2014**

Appellants, Daniel L. Nugent and Bryann M. Nugent, husband and wife, appeal from the order entered April 7, 2014, by the Honorable Maria Musti Cook, Court of Common Pleas of York County, which entered summary judgment in favor of Appellee, Susquehanna Bank.  After review, we affirm.

The trial court set forth the history of this case as follows:

_____

[*] Retired Senior Judge assigned to the Superior Court.

On September 6, 2011, Daniel L. Nugent and Bryann M. Nugent … filed [an] action in equity against Susquehanna Bank, successor by acquisition to Community Banks … alleging that [Susquehanna Bank] failed to forward proceeds received in conveyance of a property rightfully and equitably owned by [Appellants].

The relevant facts are as follows:  Prior to November 24, 2003, Robert R. and Mary E. Nugent (herein "Parents") were the record owners of the premises located at 230 Brickyard Road, Manchester, York County, Pennsylvania (herein "Property").  On November 24, 2003, [Appellants] filed a Complaint against Parents to enforce an *inter vivos* gift of the Property and improvement to [Appellants], docketed at case number 2003-SU-5398-Y07.  A *lis pendens* from the above suit was indexed against the Property on July 29, 2004.  A Petition to Strike the *lis pendens* was filed on November 28, 200[6], by Parents. [Susquehanna Bank] had confessed judgment against Parents and [Appellant] Daniel Nugent to case numbers 2006-NO-1760, 1771, 1772-Y30 on May 2, 2006.  [Appellant] Daniel Nugent filed Petitions to Strike these confessed judgments on January 12, 2007, to case numbers 2007-SU-150, 152, 153-Y08.  Amended Petitions to open and/or strike were filed on February 26, 2007, prior to any issuance of writ of execution or required notices regarding same pursuant to the Pennsylvania Rules of Civil Procedure.

[Susquehanna Bank] appeared via counsel on January 22, 2007, before this [c]ourt and actively advocated in the oral argument in favor of striking the *lis pendens* to allow the sale of the Property so the proceeds could be given to [Susquehanna Bank] in payment of confessed judgments which were being contested by [Appellant] Daniel Nugent.  This [c]ourt entered an Order on March 15, 2007, striking the *lis pendens*.  [Appellant] attempted to appeal the decision to the Superior Court.  Parents resisted the appeal and it was eventually quashed on June 6, 2007.

After the *lis pendens* was stri[c]ken, Parents conveyed the Property [to a third party] on June 25, 2007, as part of a three parcel conveyance totaling 27.261 acres for a total consideration of $1,000,000,00.  None of the proceeds of the conveyance were escrowed pending the determination of the validity of the underlying oral *inter vivos* gift and the net proceeds of the sale

were paid over to [Susquehanna Bank] in partial satisfaction of the above confessed judgments.

On December 10, 2007, a jury found the existence of a valid oral gift of the Property to [Appellants] as tenants by the entireties by [Parents] which occurred in December 1989, and awarded [Appellants] the sum of $619,000.00 in money damages. [The damages award was later modified to $510,150.00 in favor of Appellants,] which represents money damages in substantiation of the Property given to [Appellants] by *inter vivos* gift of [Parents], since the property had been sold prior to trial.

[In their Complaint filed several years thereafter on September 6, 2011, Appellants] argue[d] that [Susquehanna Bank] is presently in possession of the money proceeds received in the conveyance of such property, which were not placed in an escrow account. [Appellants] aver that it would be improper for [Susquehanna Bank] to retain the money consideration received for the conveyance of the Property, and [Susquehanna Bank] would be unjustly enriched were it permitted to retain such proceeds. [Appellants] further aver that [Appellant] Bryann Nugent was never liable for any loans with [Susquehanna Bank], or its predecessors, and the gifted entireties property would have been unavailable to satisfy the claims of Daniel Nugent's creditors. [Appellants] requested that this [c]ourt hold [Susquehanna Bank] as trustee for [Appellants] of the money from the current owners of the Property, and that [Susquehanna Bank] be ordered to pay over to [Appellants] the amount due with interest from the date of the filing of the original action on November 24, 2003.

[Susquehanna Bank] filed Preliminary Objections on October 14, 2011, and on October 24, 2011, a brief in support thereof. On November 22, 2011, [Appellants] filed an Answer to [Susquehanna Bank's] Preliminary Objections. On April 23, 2012, the Honorable Sheryl Ann Dorney entered an Order overruling [the] Preliminary Objections.

On May 3, 2012, [Susquehanna Bank] filed an Answer with New Matter and Counterclaim. In its New Matter, [Susquehanna Bank] explains that Parents, along with their sons Daniel Nugent and Donald J. Nugent, executed and delivered to Blue Ball Bank a/k/a Community Banks (now [Susquehanna Bank]) Commercial Suretyship Agreements and Disclosures for Confession of

- 3 -

Judgment in which they all agreed to act absolutely and unconditionally as sureties for a loan Community Banks made to York Mold, Inc., and they all agreed to pledge as collateral all other property and future real property or rights to Property of the Surety. On April 24, 2003, [Susquehanna Bank had] granted to [Parents] a mortgage on the Property. [Appellants] did not object or contest that [Parents] were securing a loan with [the bank] by using the property as collateral.

[Susquehanna Bank] states that it was due to the default on the loan by York Mold, Inc. that [it] filed a Complaint for Confession of Judgment against Robert, Mary, Daniel, and Donald Nugent on May 2, 2006. [Susquehanna Bank] argues that the June 25, 2007 conveyance of the Property by Parents to the third party was executed so that the net proceeds could be paid to the [the bank] in partial satisfaction of the outstanding loan and the confessed judgments entered against Parents. [Susquehanna Bank] alleges that the payment Parents paid to [the bank] is no longer available as [Susquehanna Bank] applied the payment it received to the outstanding loan balance and in partial satisfaction of the confessed judgment. [Susquehanna Bank] also alleges that at the time Parents sold the Property it paid the proceeds to [the bank], [Appellants] took no steps to seek an imposition of a constructive trust or otherwise take steps to prevent Parents from paying the proceeds to [Susquehanna Bank] or to prevent [the bank] from dispersing the funds against the outstanding loan balance. [Susquehanna Bank] also listed several affirmative defenses.

In its Counterclaim, [Susquehanna Bank] argued that during the application and execution of the Loan Documents, [Appellants] intentionally concealed and did not disclose that they claimed to be the owner of the property based on an oral gift from Parents. Additionally, [Susquehanna Bank] claims that [Appellants'] current lawsuit against [the bank] to try to recover proceeds paid by Parents to [it] in satisfaction of a debt that [Appellant] Daniel Nugent was also contractually bound to pay represents further breach of the Loan Documents. [Susquehanna Bank] also argues that [Appellants] are attempting to misuse the legal process to try to collect the judgment … even though [Appellant] Daniel Nugent remains liable for the proceeds [Appellants] seek to recover. As such, [Susquehanna Bank] seeks a judgment in favor of all damages, costs, and attorneys' fees arising out of [Appellants'] conduct in

bringing this action and [Appellant] Daniel Nugent's breach of the Loan Documents.

On May 3, 2012, [Susquehanna Bank] filed a joinder Complaint … against [a]gainst [a]dditional Defendants/Parents Robert R. Nugent and Mary E. Nugent arguing that in the underlying litigation (case number 2003-SU-5398-Y07) [Appellants] obtained a money judgment against Parents only, therefore Parents are indispensable parties to any subsequent claim by [Appellants] seeking to enforce their judgment and Parents must be joined as [d]efendants as they are solely liable to [Appellants] for the money judgment. [Susquehanna Bank] argues that to the extent that the actions of Parents in selling the Property and using the proceeds to pay [the bank] caused the losses alleged by [Appellants], Parents are solely liable to Appellants or jointly liable with [Susquehanna Bank]. Moreover, [Susquehanna Bank] argues that Parents remain directly liable to [it] under the loan documents, suretyship agreement, confessed judgment, and equitable principals of unjust enrichment should it be determined that the proceeds from the sale of the property were improperly paid by Parents to [Susquehanna Bank].[1]

Trial Court Opinion, 4/10/14 at 2-7.

On July 9, 2013, Appellants filed a Motion for Summary Judgment, and on October 31, 2013, Susquehanna Bank filed a counter Motion for Summary Judgment. By order dated April 7, 2014, the trial court denied Appellants' Motion for Summary Judgment and entered Summary Judgment in favor of Susquehanna Bank. This timely appeal followed.

On appeal, Appellants raise the following issues for our review.

A. Whether [Susquehanna Bank] was a subsequent bona fide mortgagee entitling [it] to a superior interest in the proceeds.

---

[1] To date, Parents have not entered an appearance in this matter.

B. Whether Appellants established their right to the equitable relief of a constructive trust based on the record.

C. Whether [Susquehanna Bank] can rely on the order lifting the *lis pendens*.

D. Whether Appellants' action was untimely or barred by election for legal damages in a previous action.

Appellants' Brief at 4 (unnecessary capitalization omitted).

We review a challenge to the entry of summary judgment as follows.

[We] may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. *See* Pa.R.C.P., Rule 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*E.R. Linde Const. Corp. v. Goodwin*, 68 A.3d 346, 349 (Pa. Super. 2013) (citation omitted).

Preliminarily, we note that Appellants' final issue raised on appeal, wherein they argue that the trial court incorrectly determined that the instant action was untimely or barred by election for legal damages in a previous action, was not included in their court-ordered Statement of Matters Complained of on Appeal filed pursuant to Pa.R.A.P. 1925(b). *See*

Pa.R.A.P. 1925(b) Statement, 5/6/14. Rule 1925(b)(4)(vii) expressly mandates that "[i]ssues not included in the Statement … are waived." We are therefore prohibited from reviewing this issue on appeal.

With regards to Appellants' remaining issues raised on appeal, we have examined the certified record, the briefs of the parties, the trial court's opinion, and the applicable law, and we find that Judge Cook ably and methodically addressed the issues Appellants presented on appeal. We find no abuse of discretion in the court's entry of summary judgment in favor of Appellee, Susquehanna Bank. Accordingly, we affirm based on Judge Cook's well-written memorandum opinion. *See* Trial Court Opinion, 4/10/14.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/7/2014